**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| *RESEARCH IN MOTION LIMITED* and | § | |
| *RESEARCH IN MOTION CORPORATION,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 3:08-CV-0284-G** |
| **v.** | § | |
| | § | **ECF** |
| *MOTOROLA, INC.,* | § | |
| | § | **CONSOLIDATED WITH** |
| **Defendant.** | § | |
| | § | **3:08-CV-0317-G** |

---

**DEFENDANT MOTOROLA, INC.'S ANSWER AND COUNTERCLAIMS;
DEMAND FOR JURY TRIAL**

---

**TO THE HONORABLE COURT:**

Defendant Motorola, Inc. ("Motorola") files this Answer and Counterclaims to the

February 16, 2008 and February 21, 2008 Complaints by Plaintiffs Research in Motion Limited

and Research in Motion Corporation (collectively "RIM").  Motorola hereby responds to each

numbered paragraph in RIM's Complaints as follows:

<u>**MOTOROLA'S ANSWER TO RIM'S FEBRUARY 16, 2008 COMPLAINT**</u>

<u>**Nature of the Action**</u>

1.      Motorola denies the allegations of paragraph 1, and specifically denies that RIM

is entitled to any relief.

2.      Motorola denies the allegations of paragraph 2.

3.      Motorola denies the allegations of paragraph 3.

4.      Motorola denies the allegations of paragraph 4.

---

5.      Motorola denies the allegations of paragraph 5.

6.      Motorola denies the allegations of paragraph 6, and specifically denies that RIM is entitled to any relief.

## Parties

7.      On information and belief, Motorola admits that RIM conducts and has conducted business in the state of Texas.  Motorola lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 7.

8.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 8.

9.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 9.

10.     Motorola admits that it is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1303 E. Algonquin Road, Schaumburg, IL 60196.  Motorola admits that it has and does conduct business in the Northern District of Texas. Motorola has for many years been a leader in the research and development of wireless telecommunications technology.  Motorola denies the remaining allegations of this paragraph.

## Jurisdiction and Venue

11.     Motorola admits that jurisdiction is proper in this Court.

12.     Motorola denies the allegations of paragraph 12.

13.     Motorola denies the allegations of paragraph 13.

14.     Motorola admits that venue is proper is this District.  Motorola denies the remaining allegations of paragraph 14.

**Background**

15.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 15.

16.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 16.

17.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 17.

18.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 18.

19.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 19.

20.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 20.

21.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 21.

22.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 22.

23.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 23.

24.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 24.

25.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 25.

26.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 26.

27.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 27.

28.     Motorola denies that the allegations of paragraph 28 as they pertain to Motorola. Motorola lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 28.

29.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 29.

30.     Motorola admits that it has developed and continues to develop a portfolio of successful technologies, solutions and services—including wireless handsets such as the RAZR, wireless accessories, digital entertainment devices, wireless access systems, voice and data communications systems, and enterprise mobility solutions—that make mobile experiences possible.  Motorola denies the remaining allegations of paragraph 30.

31.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 31.

32.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 32.

33.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 33.

34.     Motorola admits that, in mid-2006, it introduced the Motorola Q, which has a full QWERTY keyboard.  Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 34.

35.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 35.

36.      Motorola admits that, in November 2006, Motorola announced the acquisition of Good Technology.  Motorola denies the remaining allegations of paragraph 36.

37.      Motorola denies the allegations of paragraph 37.

38.      Motorola denies the allegations of paragraph 38.

39.      Motorola denies the allegations of paragraph 39.

40.      Motorola denies the allegations of paragraph 40.

41.      Motorola denies the allegations of paragraph 41.

42.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 42.

43.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 43.

44.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 44.

45.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 45.

46.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 46.

47.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 47.

48.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 48.

49.     Motorola denies the allegations of paragraph 49.

50.     Motorola denies the allegations of paragraph 50.

51.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 51.

52.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 52.

53.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 53.

54.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 54.

55.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 55.

56.     Motorola admits that it has been a member of ETSI during certain periods of time. Motorola denies the remaining allegations of paragraph 56.

57.     Motorola denies the allegations of paragraph 57.

58.     Motorola denies the allegations of paragraph 58.

59.     Motorola admits that it has been a member of ETSI during certain periods of time. Motorola admits that it has disclosed patents to ETSI.  Motorola denies the remaining allegations of paragraph 59.

60.     Motorola denies the allegations of paragraph 60.

61.     Motorola denies the allegations of paragraph 61.

62.     Motorola denies the allegations of paragraph 62.

63.     Motorola denies the allegations of paragraph 63.

64.     Motorola denies the allegations of paragraph 64.

65.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 65.

66.     Motorola denies the allegations of paragraph 66.

67.     Motorola denies the allegations of paragraph 67.

68.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 68.

69.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 69.

70.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 70.

71.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 71.

72.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 72.

73.     Motorola admits that it obtained certain patent rights through its acquisition of Symbol Technologies.  Motorola denies the remaining allegations of paragraph 73.

74.     Motorola denies the allegations of paragraph 74.

75.     Motorola denies the allegations of paragraph 75.

76.     Motorola denies the allegations of paragraph 76.

77.     Motorola denies the allegations of paragraph 77.

78.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 78.

79.     Motorola denies the allegations of paragraph 79.

80.     Motorola denies the allegations of paragraph 80.

81.     Motorola denies the allegations of paragraph 81.

82.     Motorola lacks sufficient information and belief to admit or deny the allegations of the first four sentences of paragraph 82.  Motorola denies the allegations of the last sentence of paragraph 82.

83.     Motorola denies the allegations of paragraph 83.

84.     Motorola denies the allegations of paragraph 84.

85.     Motorola admits that the term of the Cellular Essential Properties Cross License Agreement ("2003 Cross License Agreement") was five years from the effective date of the Agreement.  Motorola admits that Section 5.3 of the 2003 Cross License Agreement states: "At least one year prior to termination of this Agreement, RIM and MOTOROLA agree to begin good faith negotiations, related to the terms and conditions of this Agreement to extend the terms and conditions hereof beyond the date of termination."  Motorola denies the remaining allegations of paragraph 85.

86.     Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 86.

87.     Motorola denies the allegations of paragraph 87.

88.     Motorola denies the allegations of paragraph 88.

89.     Motorola denies the allegations of paragraph 89.

90.     Motorola denies the allegations of paragraph 90.

91.     Motorola denies the allegations of paragraph 91.

92.     Motorola denies the allegations of paragraph 92.

93.     Motorola denies the allegations of paragraph 93.

94.     Motorola denies the allegations of paragraph 94.

95.     Motorola lacks sufficient information and belief to admit or deny the allegations

of paragraph 95.

96.     Motorola denies the allegations of paragraph 96.

97.     Motorola denies the allegations of paragraph 97.

98.     Motorola denies the allegations of paragraph 98.

99.     Motorola denies the allegations of paragraph 99.

100.    Motorola denies the allegations of paragraph 100.

101.    Motorola denies the allegations of paragraph 101.

102.    Motorola denies the allegations of paragraph 102.

103.    Motorola denies the allegations of paragraph 103.

104.    Motorola denies the allegations of paragraph 104.

105.    Motorola denies the allegations of paragraph 105.

106.    Motorola denies the allegations of paragraph 106.

107.    Motorola denies the allegations of paragraph 107.

108.    Motorola denies the allegations of paragraph 108.

109.    Motorola denies the allegations of paragraph 109.

110.    Motorola denies the allegations of paragraph 110.

111.    Motorola admits that it has provided RIM with claim charts relating to certain

Motorola patents.  Motorola denies the remaining allegations of paragraph 111.

112.    Motorola denies the allegations of paragraph 112.

113.    Motorola denies the allegations of paragraph 113.

114.     Motorola denies the allegations of paragraph 114.

## Claims for Relief

## First Cause of Action

### (Infringement of U.S. Patent No. 5,664,055)

115.     Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

116.     Motorola admits that U.S. Patent No. 5,664,055 ("the '055 patent") is entitled "CS-ACELP Speech Compression System With Adaptive Pitch Prediction Filter Gain Based On A Measure Of Periodicity."  Motorola denies the remaining allegations of paragraph 116.

117.     Motorola denies the allegations of paragraph 117.

118.     Motorola denies the allegations of paragraph 118.

119.     Motorola denies the allegations of paragraph 119.

120.     Motorola denies the allegations of paragraph 120.

## Second Cause of Action

### (Infringement of U.S. Patent No. 5,699,485)

121.     Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

122.     Motorola admits that U.S. Patent No. 5,699,485 ("the '485 patent") is entitled "Pitch Delay Modification During Frame Erasures."  Motorola denies the remaining allegations of paragraph 122.

123.     Motorola denies the allegations of paragraph 123.

124.     Motorola denies the allegations of paragraph 124.

125.     Motorola denies the allegations of paragraph 125.

126.    Motorola denies the allegations of paragraph 126.

## Third Cause of Action

### (Infringement of U.S. Patent No. 6,278,442)

127.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

128.    Motorola admits that U.S. Patent No. 6,278,442 ("the '442 patent") is entitled "Hand-Held Electronic Device With A Keyboard Optimized For Use With The Thumbs." Motorola denies the remaining allegations of paragraph 128.

129.    Motorola denies the allegations of paragraph 129.

130.    Motorola denies the allegations of paragraph 130.

131.    Motorola denies the allegations of paragraph 131.

## Fourth Cause of Action

### (Infringement of U.S. Patent No. 6,452,588)

132.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

133.    Motorola admits that U.S. Patent No. 6,452,588 ("the '588 patent") is entitled "Hand-Held E-Mail Device."  Motorola denies the remaining allegations of paragraph 133.

134.    Motorola denies the allegations of paragraph 134.

135.    Motorola denies the allegations of paragraph 135.

136.    Motorola denies the allegations of paragraph 136.

## Fifth Cause of Action

### (Infringement of U.S. Patent No. 6,489,950)

137.    Motorola incorporates its responses to all of the paragraphs above, as if set forth

fully herein.

138.    Motorola admits that U.S. Patent No. 6,489,950 ("the '950 patent") is entitled "Hand-Held Electronic Device With Auxiliary Input Device."  Motorola denies the remaining allegations of paragraph 138.

139.    Motorola denies the allegations of paragraph 139.

140.    Motorola denies the allegations of paragraph 140.

141.    Motorola denies the allegations of paragraph 141.

## Sixth Cause of Action

### (Infringement of U.S. Patent No. 6,611,254)

142.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

143.    Motorola admits that U.S. Patent No. 6,611,254 ("the '254 patent") is entitled "Hand-Held Electronic Device With A Keyboard Optimized For Use With The Thumbs." Motorola denies the remaining allegations of paragraph 143.

144.    Motorola denies the allegations of paragraph 144.

145.    Motorola denies the allegations of paragraph 145.

146.    Motorola denies the allegations of paragraph 146.

## Seventh Cause of Action

### (Infringement of U.S. Patent No. 6,611,255)

147.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

148.    Motorola admits that U.S. Patent No. 6,611,255 ("the '255 patent") is entitled "Hand-Held Electronic Device With A Keyboard Optimized For Use With The Thumbs."

Motorola denies the remaining allegations of paragraph 148.

149.    Motorola denies the allegations of paragraph 149.

150.    Motorola denies the allegations of paragraph 150.

151.    Motorola denies the allegations of paragraph 151.

## Eighth Cause of Action

### (Infringement of U.S. Patent No. 6,919,879)

152.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

153.    Motorola admits that U.S. Patent No. 6,919,879 ("the '879 patent") is entitled "Hand-Held Electronic Device With A Keyboard Optimized For Use With The Thumbs." Motorola denies the remaining allegations of paragraph 153.

154.    Motorola denies the allegations of paragraph 154.

155.    Motorola denies the allegations of paragraph 155.

156.    Motorola denies the allegations of paragraph 156.

## Ninth Cause of Action

### (Infringement of U.S. Patent No. 7,227,536)

157.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

158.    Motorola admits that U.S. Patent No. 7,227,536 ("the '536 patent") is entitled "Hand-Held Electronic Device With A Keyboard Optimized For Use With The Thumbs." Motorola denies the remaining allegations of paragraph 158.

159.    Motorola denies the allegations of paragraph 159.

160.    Motorola denies the allegations of paragraph 160.

161.     Motorola denies the allegations of paragraph 161.

## Tenth Cause of Action

### (Breach of Contract – FRAND/RAND)

162.     Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

163.     Motorola denies the allegations of paragraph 163.

164.     Motorola denies the allegations of paragraph 164.

165.     Motorola denies the allegations of paragraph 165.

166.     Motorola denies the allegations of paragraph 166.

167.     Motorola denies the allegations of paragraph 167.

## Eleventh Cause of Action

### (Promissory Estoppel)

168.     Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

169.     Motorola denies the allegations of paragraph 169.

170.     Motorola denies the allegations of paragraph 170.

171.     Motorola denies the allegations of paragraph 171.

172.     Motorola denies the allegations of paragraph 172.

173.     Motorola denies the allegations of paragraph 173.

174.     Motorola denies the allegations of paragraph 174.

## Twelfth Cause of Action

### (Breach of Contract – Breach of § 5.3 of the 2003 Cross-License Agreement)

175.     Motorola incorporates its responses to all of the paragraphs above, as if set forth

fully herein.

176.     Motorola admits that it entered into the 2003 Cross License Agreement with RIM. Motorola admits that Section 5.3 of the 2003 Cross License Agreement states: "At least one year prior to termination of this Agreement, RIM and MOTOROLA agree to begin good faith negotiations, related to the terms and conditions of this Agreement to extend the terms and conditions hereof beyond the date of termination."  Motorola denies the remaining allegations of paragraph 176.

177.     Motorola denies the allegations of paragraph 177.

178.     Motorola denies the allegations of paragraph 178.

179.     Motorola denies the allegations of paragraph 179.

## Thirteenth Cause of Action

### (False FRAND Commitments in Violation of Section 2 of the Sherman Act)

180.     Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

181.     Motorola denies the allegations of paragraph 181.

182.     Motorola denies the allegations of paragraph 182.

183.     Motorola denies the allegations of paragraph 183.

184.     Motorola denies the allegations of paragraph 184.

185.     Motorola denies the allegations of paragraph 185.

## Fourteenth Cause of Action

### (Declaratory Relief – Breach of Contract)

186.     Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

187.    Motorola denies the allegations of paragraph 187.

188.    Motorola denies the allegations of paragraph 188.

189.    Motorola denies the allegations of paragraph 189.

190.    Motorola denies the allegations of paragraph 190.

191.    Motorola denies the allegations of paragraph 191.

192.    Motorola denies the allegations of paragraph 192.

193.    Motorola denies the allegations of paragraph 193.

## Fifteenth Cause of Action

### (Declaratory Relief – Promissory Estoppel)

194.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

195.    Motorola denies the allegations of paragraph 195.

196.    Motorola denies the allegations of paragraph 196.

197.    Motorola denies the allegations of paragraph 197.

198.    Motorola denies the allegations of paragraph 198.

199.    Motorola denies the allegations of paragraph 199.

200.    Motorola denies the allegations of paragraph 200.

201.    Motorola denies the allegations of paragraph 201.

202.    Motorola denies the allegations of paragraph 202.

## Sixteenth Cause of Action

### (Declaratory Judgment '317 Patent)

203.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

204.    Motorola admits that Exhibit 10 purports to be a copy of the '317 Patent.

205.    Motorola denies the allegations of paragraph 205.

206.    Motorola denies the allegations of paragraph 206.

207.    Motorola denies the allegations of paragraph 207.

## Seventeenth Cause of Action

### (Declaratory Judgment '684 Patent)

208.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

209.    Motorola admits that Exhibit 11 purports to be a copy of the '684 Patent.

210.    Motorola denies the allegations of paragraph 210.

211.    Motorola denies the allegations of paragraph 211.

212.    Motorola denies the allegations of paragraph 212.

## Eighteenth Cause of Action

### (Declaratory Judgment '899 Patent)

213.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

214.    Motorola admits that Exhibit 12 purports to be a copy of the '899 Patent.

215.    Motorola denies the allegations of paragraph 215.

216.    Motorola denies the allegations of paragraph 216.

217.    Motorola denies the allegations of paragraph 217.

## Nineteenth Cause of Action

### (Declaratory Judgment '353 Patent)

218.    Motorola incorporates its responses to all of the paragraphs above, as if set forth

fully herein.

219.    Motorola admits that Exhibit 13 purports to be a copy of the '353 Patent.

220.    Motorola denies the allegations of paragraph 220.

221.    Motorola denies the allegations of paragraph 221.

222.    Motorola denies the allegations of paragraph 222.

## Twentieth Cause of Action

### (Declaratory Judgment '006 Patent)

223.    Motorola incorporates its responses to all of the paragraphs above, as if set forth

fully herein.

224.    Motorola admits that Exhibit 14 purports to be a copy of the '006 Patent.

225.    Motorola denies the allegations of paragraph 225.

226.    Motorola denies the allegations of paragraph 226.

227.    Motorola denies the allegations of paragraph 227.

## Twenty-First Cause of Action

### (Declaratory Judgment '211 Patent)

228.    Motorola incorporates its responses to all of the paragraphs above, as if set forth

fully herein.

229.    Motorola admits that Exhibit 15 purports to be a copy of the '211 Patent.

230.    Motorola denies the allegations of paragraph 230.

231.    Motorola denies the allegations of paragraph 231.

232.    Motorola denies the allegations of paragraph 232.

## Twenty-Second Cause of Action

## (Declaratory Judgment '531 Patent)

233.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

234.    Motorola admits that Exhibit 16 purports to be a copy of the '531 Patent.

235.    Motorola denies the allegations of paragraph 235.

236.    Motorola denies the allegations of paragraph 236.

237.    Motorola denies the allegations of paragraph 237.

## MOTOROLA'S ANSWER TO RIM'S FEBRUARY 21, 2008

## COMPLAINT FOR DECLARATORY JUDGMENT

### The Parties

1.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 1.

2.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 2.

3.      Motorola lacks sufficient information and belief to admit or deny the allegations of paragraph 3.

4.      Motorola admits that it is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1303 E. Algonquin Road, Schaumburg, IL 60196.  Motorola admits that it has and does conduct business in the Northern District of Texas. Motorola denies the remaining allegations of paragraph 4.

### Jurisdiction and Venue

5.      Motorola admits that jurisdiction is proper in this Court.

6.      Motorola admits that venue is proper in this Court and that it maintains a regular and established place of business in this District.

### Factual Allegations

7.      Motorola admits that RIM executed the Cellular Essential Properties Cross License Agreement on March 28, 2003 ("2003 Cross License Agreement") and that the 2003 Cross License Agreement was effective on January 1, 2003.  Motorola denies the remaining allegations of paragraph 7.

8.      Motorola admits that the term of the 2003 Cross License Agreement was five years from the effective date of the Agreement.  Motorola admits that Section 5.3 of the 2003 Cross License Agreement states: "At least one year prior to termination of this Agreement, RIM and MOTOROLA agree to begin good faith negotiations, related to the terms and conditions of this Agreement to extend the terms and conditions hereof beyond the date of termination." Motorola denies the remaining allegations of paragraph 8.

9.      Motorola denies the allegations of paragraph 9.

10.     Motorola admits that it has provided RIM with claim charts relating to certain Motorola patents.  Motorola denies the remaining allegations of paragraph 10.

11.     Motorola denies the allegations of paragraph 11.

12.     Motorola denies the allegations of paragraph 12.

13.     Motorola admits that it filed a complaint for patent infringement against RIM in the United States District Court for the Eastern District of Texas.  Motorola denies the remaining allegations of paragraph 13.

14.     Motorola admits that jurisdiction is proper in this Court.  Motorola denies the remaining allegations of paragraph 14.

## Claims for Relief

### Claim One (Declaratory Judgment '391 Patent)

15.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

16.    Motorola denies the allegations of paragraph 16.

17.    Motorola admits that Exhibit 1 purports to be a copy of the '391 patent.

18.    Motorola denies the allegations of paragraph 18.

19.    Motorola denies the allegations of paragraph 19.

### Claim Two (Declaratory Judgment '140 Patent)

20.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

21.    Motorola denies the allegations of paragraph 21.

22.    Motorola admits that Exhibit 2 purports to be a copy of the '140 patent.

23.    Motorola denies the allegations of paragraph 23.

24.    Motorola denies the allegations of paragraph 24.

### Claim Three (Declaratory Judgment '682 Patent)

25.    Motorola incorporates its responses to all of the paragraphs above, as if set forth fully herein.

26.    Motorola denies the allegations of paragraph 26.

27.    Motorola admits that Exhibit 3 purports to be a copy of the '682 patent.

28.    Motorola denies the allegations of paragraph 28.

29.    Motorola denies the allegations of paragraph 29.

## **Claim Four (Declaratory Judgment '447 Patent)**

30.     Motorola incorporates its responses to all of the paragraphs above, as if set forth

fully herein.

31.     Motorola denies the allegations of paragraph 31.

32.     Motorola admits that Exhibit 4 purports to be a copy of the '447 patent.

33.     Motorola denies the allegations of paragraph 33.

34.     Motorola denies the allegations of paragraph 34.

## **MOTOROLA'S AFFIRMATIVE DEFENSES**

On information and belief, Motorola alleges the following affirmative defenses to the

claims for relief in RIM's February 16, 2008 and February 21, 2008 Complaints.

## **First Defense: Failure to State a Claim**

RIM's Complaints fail to state any claim upon which relief may be granted.

## **Second Defense: Noninfringement**

Motorola has not infringed and does not infringe, whether directly, contributorily, or by

inducement or otherwise, any claim of the '055 patent, the '485 patent, the '442 patent, the '588

patent, the '950 patent, the '254 patent, the '255 patent, the '879 patent, and the '536 patent

(collectively the "RIM Patents"), either literally or under the doctrine of equivalents, whether

willfully or otherwise.

## **Third Defense: Invalidity**

Each claim of the RIM Patents is invalid or void for failure to comply with one or more

provisions of the Patent Laws of the United States of America, Title 35, United States Code,

including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

## Fourth Defense: Double Patenting

Each claim of at least the '442 patent, the '588 patent, the '950 patent, the '254 patent, the '255 patent, the '879 patent, and the '536 patent is invalid or void based on the doctrine of double patenting.

## Fifth Defense: Equitable Estoppel

RIM's claims for relief are barred, in whole or in part, by the doctrine of equitable estoppel.

## Sixth Defense: Patent Misuse

At least the '055 and '485 patents are unenforceable as a result of patent misuse, including the failure of RIM and/or RIM's predecessors in interest to properly comply with intellectual property disclosure requirements with respect to various industry standard-setting organizations.

## Seventh Defense: Laches

RIM's claims for relief are barred, in whole or in part, by the doctrine of laches.

## Eighth Defense: Patent Exhaustion

RIM's claims for relief are barred, in whole or in part, by the doctrine of patent exhaustion.

## Ninth Defense: License and Release

RIM's claims for relief are barred, in whole or in part, by the existence of one or more express or implied licenses, releases or other agreements related to the RIM Patents.

## Tenth Defense: Waiver and/or Estoppel

RIM's claims for relief are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## Eleventh Defense: Unclean Hands

RIM's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## Twelfth Defense: Prosecution History Estoppel

RIM's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel, and RIM is estopped from asserting a construction of any valid claim to cover or include any Motorola products or services on account of actions/inactions taken by RIM, its designees, the named inventor, prosecution attorneys and/or others substantively involved in the prosecution of the application that became the RIM patents, including but not limited to the amendment, cancellation or abandonment of claims, as well as admissions or other statements made to the Patent Office during the prosecution of the patent or related patents.

## Thirteenth Defense: Lack of Standing

RIM lacks standing to assert one or more of the RIM Patents.

## Fourteenth Defense: Joinder

Some or all of RIM's claims are barred because RIM failed to join all necessary parties.

## Fifteenth Defense: Patent Marking

RIM's claims for relief are barred, in whole or in part, by the failure of RIM and/or its predecessors in interest to comply with the marking and notice requirements of 35 U.S.C. § 287.

## Sixteenth Defense: Limitation on Damages

Any recovery by RIM for alleged infringement of the RIM Patents is limited, at the least, under 35 U.S.C. § 286 to any alleged infringement committed no more than six years prior to the filing of the Complaints.

### Seventeenth Defense: Reservation of Defenses

Motorola presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated defenses.  As such, Motorola reserves the right to assert additional defenses in the event that investigation and/or discovery reveal that additional defenses are appropriate.

## MOTOROLA'S COUNTERCLAIMS

### Parties

1.      Motorola is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1303 E. Algonquin Road, Schaumburg, IL 60196.  At all times relevant to these Counterclaims, Motorola conducted business in the Northern District of Texas.

2.      Research in Motion Limited is a corporation organized and existing under the laws of Canada, having a principal place of business at 295 Phillip Street, Waterloo, Ontario, N2L 3W8 Canada.  Research in Motion Corporation is a corporation organized and existing under the laws of Delaware, having a principal place of business at 5000 Riverside Drive, Irving, Texas 75039.  At all times relevant to these Counterclaims, Research in Motion Limited and Research in Motion Corporation (collectively "RIM"), directly or indirectly through their subsidiaries and affiliated companies, conducted business in the Northern District of Texas.

### Jurisdiction and Venue

3.      The Court has subject matter jurisdiction over this action pursuant to the Federal Patent Act, 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

4.    The Court has supplemental jurisdiction over Motorola's state law claims under 28 U.S.C. § 1367. The federal and state law claims asserted in this action arise from a common nucleus of operative facts.

5.    This Court has personal jurisdiction over RIM by virtue of, among other things, RIM transacting business in Texas and RIM having sufficient minimum contacts with Texas.

6.    Venue in this judicial district is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(b). RIM maintains a regular and established place of business in this District, and has committed and continues to commit acts of infringement in this District. Further, RIM's unfair and unlawful conduct with respect to its own patents has had harmful effects in this District.

## FIRST COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '055 Patent

7.    Motorola incorporates by reference the allegations in all of the paragraphs above.

8.    This is an action for declaratory judgment of noninfringement of any valid claim of the '055 patent.

9.    Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola. RIM has already sued Motorola for allegedly infringing the '055 patent.

10.    RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '055 patent.

11.    RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

12.    RIM alleges that Motorola's alleged infringement is willful and deliberate.

13.     Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '055 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '055 patent.

14.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '055 patent are not infringed by Motorola.

15.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '055 patent.

## SECOND COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '055 Patent

16.     Motorola incorporates by reference the allegations in all of the paragraphs above.

17.     This is an action for declaratory judgment of the invalidity of any and all claims of the '055 patent.

18.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '055 patent.

19.     The '055 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

20.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '055 patent are invalid.

21.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '055 patent.

## THIRD COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '485 Patent

22.     Motorola incorporates by reference the allegations in all of the paragraphs above.

23.     This is an action for declaratory judgment of noninfringement of any valid claim of the '485 patent.

24.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '485 patent.

25.     RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '485 patent.

26.     RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

27.     RIM alleges that Motorola's alleged infringement is willful and deliberate.

28.     Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '485 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '485 patent.

29.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '485 patent are not infringed by Motorola.

30.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '485 patent.

## FOURTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '485 Patent

31.     Motorola incorporates by reference the allegations in all of the paragraphs above.

32.     This is an action for declaratory judgment of the invalidity of any and all claims of the '485 patent.

33.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '485 patent.

34.     The '485 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

35.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '485 patent are invalid.

36.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '485 patent.

## FIFTH COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '442 Patent

37.     Motorola incorporates by reference the allegations in all of the paragraphs above.

38.     This is an action for declaratory judgment of noninfringement of any valid claim of the '442 patent.

39.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '442 patent.

40.     RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '442 patent.

41.     RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

42.     Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '442 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '442 patent.

43.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '442 patent are not infringed by Motorola.

44.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '442 patent.

## SIXTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '442 Patent

45.     Motorola incorporates by reference the allegations in all of the paragraphs above.

46.     This is an action for declaratory judgment of the invalidity of any and all claims of the '442 patent.

47.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '442 patent.

48.     The '442 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

49.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '442 patent are invalid.

50.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '442 patent.

## SEVENTH COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '588 Patent

51.     Motorola incorporates by reference the allegations in all of the paragraphs above.

52.     This is an action for declaratory judgment of noninfringement of any valid claim of the '588 patent.

53.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '588 patent.

54.     RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '588 patent.

55.     RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

56.     Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '588 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '588 patent.

57.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '588 patent are not infringed by Motorola.

58.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '588 patent.

## EIGHTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '588 Patent

59.     Motorola incorporates by reference the allegations in all of the paragraphs above.

60.     This is an action for declaratory judgment of the invalidity of any and all claims of the '588 patent.

61.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '588 patent.

62.     The '588 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

63.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '588 patent are invalid.

64.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '588 patent.

## NINTH COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '950 Patent

65.     Motorola incorporates by reference the allegations in all of the paragraphs above.

66.     This is an action for declaratory judgment of noninfringement of any valid claim of the '950 patent.

67.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '950 patent.

68.     RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '950 patent.

69.     RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

70.     Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '950 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '950 patent.

71.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '950 patent are not infringed by Motorola.

72.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '950 patent.

## TENTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '950 Patent

73.     Motorola incorporates by reference the allegations in all of the paragraphs above.

74.     This is an action for declaratory judgment of the invalidity of any and all claims of the '950 patent.

75.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '950 patent.

76.     The '950 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

77.    Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '950 patent are invalid.

78.    Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '950 patent.

## ELEVENTH COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '254 Patent

79.    Motorola incorporates by reference the allegations in all of the paragraphs above.

80.    This is an action for declaratory judgment of noninfringement of any valid claim of the '254 patent.

81.    Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '254 patent.

82.    RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '254 patent.

83.    RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

84.    Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '254 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '254 patent.

85.    Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '254 patent are not infringed by Motorola.

86.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '254 patent.

## TWELFTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '254 Patent

87.     Motorola incorporates by reference the allegations in all of the paragraphs above.

88.     This is an action for declaratory judgment of the invalidity of any and all claims of the '254 patent.

89.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '254 patent.

90.     The '254 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

91.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '254 patent are invalid.

92.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '254 patent.

## THIRTEENTH COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '255 Patent

93.     Motorola incorporates by reference the allegations in all of the paragraphs above.

94.     This is an action for declaratory judgment of noninfringement of any valid claim of the '255 patent.

95.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '255 patent.

96.     RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '255 patent.

97.     RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

98.     Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '255 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '255 patent.

99.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '255 patent are not infringed by Motorola.

100.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '255 patent.

## FOURTEENTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '255 Patent

101.    Motorola incorporates by reference the allegations in all of the paragraphs above.

102.    This is an action for declaratory judgment of the invalidity of any and all claims of the '255 patent.

103.    Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '255 patent.

104.    The '255 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

105.    Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '255 patent are invalid.

106.    Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '255 patent.

## FIFTEENTH COUNTERCLAIM

### Declaratory Judgment – Noninfringement of the '879 Patent

107.    Motorola incorporates by reference the allegations in all of the paragraphs above.

108.    This is an action for declaratory judgment of noninfringement of any valid claim of the '879 patent.

109.    Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '879 patent.

110.    RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '879 patent.

111.    RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

112.    Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '879 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '879 patent.

113.    Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '879 patent are not infringed by Motorola.

114.    Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '879 patent.

## SIXTEENTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '879 Patent

115.    Motorola incorporates by reference the allegations in all of the paragraphs above.

116.    This is an action for declaratory judgment of the invalidity of any and all claims of the '879 patent.

117.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '879 patent.

118.     The '879 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

119.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '879 patent are invalid.

120.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '879 patent.

<u>**SEVENTEENTH COUNTERCLAIM**</u>

**Declaratory Judgment – Noninfringement of the '536 Patent**

121.     Motorola incorporates by reference the allegations in all of the paragraphs above.

122.     This is an action for declaratory judgment of noninfringement of any valid claim of the '536 patent.

123.     Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '536 patent.

124.     RIM has alleged, and continues to allege, that RIM is a current owner of all right, interest and title in and to the '536 patent.

125.    RIM alleges that Motorola has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement.

126.    Motorola denies RIM's allegations.  Motorola has not infringed and currently is not infringing any valid claim of the '536 patent, either literally or under the doctrine of equivalents, nor is Motorola actively inducing or contributing to infringement of the '536 patent.

127.    Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '536 patent are not infringed by Motorola.

128.    Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '536 patent.

### EIGHTEENTH COUNTERCLAIM

### Declaratory Judgment – Invalidity of the '536 Patent

129.    Motorola incorporates by reference the allegations in all of the paragraphs above.

130.    This is an action for declaratory judgment of the invalidity of any and all claims of the '536 patent.

131.    Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing the '536 patent.

132.    The '536 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

133.    Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the claims of the '536 patent are invalid.

134.    Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '536 patent.

## NINETEENTH COUNTERCLAIM

### Declaratory Judgment – Unenforceability Based on Patent Misuse

135.    Motorola incorporates by reference the allegations in all of the paragraphs above.

136.    This is an action for declaratory judgment that RIM's claims for relief are barred by the doctrine of patent misuse.

137.    Motorola has an objectively reasonable apprehension that RIM will continue to pursue its allegations of infringement against Motorola.  RIM has already sued Motorola for allegedly infringing at least the '485 and '055 patents.

138.    At least the '485 and '055 patents are unenforceable as a result of patent misuse, including the failure of RIM and/or RIM's predecessors in interest to properly comply with intellectual property disclosure requirements with respect to various industry standard-setting organizations.

139.    RIM seeks to obtain the economic advantage of an improper injunction against Motorola, as well as improper monetary damages from Motorola, despite RIM's knowledge that at least the '485 and '055 patents are invalid and unenforceable because of RIM's unlawful conduct as alleged above.

140.     Accordingly, there exists an actual judicial controversy between Motorola and RIM concerning whether the RIM's claims for relief as to at least the '485 and '055 patents are barred by RIM's patent misuse.

141.     Motorola desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding at least the '485 and '055 patents.

## TWENTIETH COUNTERCLAIM

### Breach of Contract – Breach of § 5.3 of the 2003 Cross License Agreement

142.     Motorola incorporates by reference the allegations in all of the paragraphs above.

143.     Motorola and RIM entered into a 2003 Cross License Agreement, which contains a provision in Section 5.3 that provides as follows: "At least one year prior to termination of this Agreement, RIM and MOTOROLA agree to begin good faith negotiations, related to the terms and conditions of this Agreement to extend the terms and conditions hereof beyond the date of termination."

144.     RIM breached the 2003 Cross License Agreement by refusing to begin good faith negotiations and/or otherwise comply with Section 5.3 of the 2003 Cross License Agreement. RIM rejected Motorola's proposals of fair and reasonable license terms for Motorola's patents.

145.     As a result of this contractual breach, Motorola has been injured in its business or property, has been forced to incur costs and expenses as a result of RIM's breach, and is threatened by the imminent loss of profits, loss of customers and potential customers, and the loss of goodwill and product image.

146.     Motorola will suffer irreparable injury by reason of the acts, practices, and

conduct of RIM alleged above until and unless the Court enjoins such acts, practices, and

conduct.

## TWENTY-FIRST COUNTERCLAIM

### Infringement of U.S. Patent No. 6,252,515

147.     Motorola incorporates by reference the allegations in all of the paragraphs above.

148.     On June 26, 2001, the United States Patent and Trademark Office duly and legally

issued U.S. Patent No. 6,252,515 ("the '515 patent") entitled "Radio With Silent and Audible

Alerts."  A copy of the '515 patent is attached hereto as Exhibit A.  Motorola is the owner of the

entire right, title and interest to the '515 patent.

149.     On information and belief, RIM has infringed and continues to infringe the '515

patent by making, using, selling, and/or offering to sell, in this District and elsewhere in the

United States, and/or by importing into this District and elsewhere in the United States, products

and services, including certain wireless communication devices and related services and

equipment, which embody and/or practice the claimed inventions of the '515 patent in violation

of 35 U.S.C. § 271.

150.     On information and belief, RIM further has been and continues to induce others to

infringe the '515 patent and/or has and continues to contribute to infringement of the '515 patent

by others in violation of § 271.

151.     RIM's acts of infringement have caused and will continue to cause damage to

Motorola, for which Motorola seeks and is entitled to compensation in an amount to be

determined at trial.

152.    RIM's acts of infringement have caused and will continue to cause Motorola irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

## TWENTY-SECOND COUNTERCLAIM

### Infringement of U.S. Patent No. 5,189,389

153.    Motorola incorporates by reference the allegations in all of the paragraphs above.

154.    On February 23, 1993, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,189,389 ("the '389 patent") entitled "Electronic Device Having Position Selectable Alert Modes."  A copy of the '389 patent is attached hereto as Exhibit B. Motorola is the owner of the entire right, title and interest to the '389 patent.

155.    On information and belief, RIM has infringed and continues to infringe the '389 patent by making, using, selling, and/or offering to sell, in this District and elsewhere in the United States, and/or by importing into this District and elsewhere in the United States, products and services, including certain wireless communication devices and related services and equipment, which embody and/or practice the claimed inventions of the '389 patent in violation of 35 U.S.C. § 271.

156.    On information and belief, RIM further has been and continues to induce others to infringe the '389 patent and/or has and continues to contribute to infringement of the '389 patent by others in violation of § 271.

157.    RIM's acts of infringement have caused and will continue to cause damage to Motorola, for which Motorola seeks and is entitled to compensation in an amount to be determined at trial.

158.     RIM's acts of infringement have caused and will continue to cause Motorola irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

## TWENTY-THIRD COUNTERCLAIM

### Infringement of U.S. Patent No. 5,953,413

159.     Motorola incorporates by reference the allegations in all of the paragraphs above.

160.     On September 14, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,953,413 ("the '413 patent") entitled "Closeable Communication Device and Method of Operating Same."  A copy of the '413 patent is attached hereto as Exhibit C.  Motorola is the owner of the entire right, title and interest to the '413 patent.

161.     On information and belief, RIM has infringed and continues to infringe the '413 patent by making, using, selling, and/or offering to sell, in this District and elsewhere in the United States, and/or by importing into this District and elsewhere in the United States, products and services, including certain wireless communication devices and related services and equipment, which embody and/or practice the claimed inventions of the '413 patent in violation of 35 U.S.C. § 271.

162.     On information and belief, RIM further has been and continues to induce others to infringe the '413 patent and/or has and continues to contribute to infringement of the '413 patent by others in violation of § 271.

163.     RIM's acts of infringement have caused and will continue to cause damage to Motorola, for which Motorola seeks and is entitled to compensation in an amount to be determined at trial.

164.    RIM's acts of infringement have caused and will continue to cause Motorola irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Motorola requests that the Court:

a.    Enter judgment in favor of Motorola and against RIM on RIM's claims for relief;

b.    Deny RIM's claims for relief in their entirety, with prejudice;

c.    Find that Motorola has not infringed and does not infringe, in any manner or in any way, any valid claim of the RIM Patents;

d.    Find that every claim of each of the RIM Patents is invalid and unenforceable;

e.    Deny any and all of RIM's requests for injunctive relief;

f.    Deny any and all of RIM's requests for equitable relief;

g.    Enter judgment in favor of Motorola on each of its prayers and claims as alleged herein;

h.    Find that Motorola is the owner of the '515 patent, the '389 patent, and the '413 patent and is entitled to all rights of recovery thereunder, and that such patents are valid and enforceable;

i.    Find RIM to have infringed, induced infringement, and/or contributed to infringement of the '515 patent, the '389 patent, and the '413 patent;

j.    Enjoin RIM (including its officers, principals, agents, attorneys and employees, and all others acting under their direction and authority, and their successors and assigns) by preliminary and/or permanent injunction from infringement, inducement of infringement, and contributory infringement of the '515 patent, the '389 patent, and the '413 patent;

k.      Award Motorola all damages adequate to compensate it for RIM's infringement of the '515 patent, the '389 patent, and the '413 patent, such damages to be determined by a jury;

l.      Find that RIM breached the terms and conditions of the 2003 Cross License Agreement, and that RIM's contractual commitment is a binding contractual obligation, enforceable by Motorola;

m.      Award all damages adequate to compensate Motorola for RIM's breach of the 2003 Cross License Agreement, such damages to be determined by a jury, and/or enjoin RIM's continuing violations of law;

n.      Find this case exceptional under 35 U.S.C. § 285, and award Motorola its costs and expenses in this action, including reasonable attorneys' fees and pre-judgment interest thereon; and

o.      Grant Motorola such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Motorola demands a trial by jury in this action on all issues and causes of action so triable, pursuant to Federal Rule of Civil Procedure 38.

Dated: January 9, 2009                    Respectfully Submitted,


                                          /s/ Eric W. Pinker
                                          Eric W. Pinker, P.C. (TSBN 16016550)
                                          Mark E. Turk (TSBN 00786298)
                                          Angela V. Colmenero (TSBN 24048399)
                                          LYNN TILLOTSON PINKER & COX, LLP
                                          750 N. St. Paul Street, Suite 1400
                                          Dallas, Texas 75201
                                          (214) 981-3837
                                          (214) 981-3839 - telecopier

*Of Counsel*:

John Allcock (*Pro Hac Vice Application Pending*)
Sean Cunningham (*Pro Hac Vice Application Pending*)
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2700
*john.allcock@dlapiper.com*

Jesse J. Jenner (Admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
*jesse.jenner@ropesgray.com*

Norman H. Beamer (Admitted *Pro Hac Vice*)
ROPES & GRAY LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 617-4000
*norman.beamer@ropesgray.com*

Nicole M. Jantzi (Admitted *Pro Hac Vice*)
ROPES & GRAY LLP
700 12th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
*nicole.jantzi@ropesgray.com*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the following counsel *via ECF* on January 9, 2009.

George W. Bramblett, Jr.
Phillip B. Philbin
John R. Emerson
HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Tel: 214-651-5000
Fax: 214-651-5940

William F. Lee
Michelle D. Miller
William J. Bohler
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: 617-526-6000
Fax: 617-526-5000

/s/ Eric W. Pinker
Eric W. Pinker