**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEX
FILED

SEP _ 3 2009

CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY

| | | |
|---|---|---|
| RESEARCH IN MOTION LIMITED, | § | |
| RESEARCH IN MOTION CORPORATION, | § | |
| and TIP COMMUNICATIONS LLC, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:08-CV-0284-G |
| | § | |
| v. | § | CONSOLIDATED WITH |
| | § | |
| MOTOROLA, INC., | § | 3:08-CV-0317-G |
| | § | 3:08-CV-1545-G |
| Defendant. | § | 3:09-CV-0072-G |
| | | 3:09-CV-0464-G |

## PROTECTIVE ORDER

The Court has considered the submissions of the Parties and has concluded that this Protective Order should be entered.  IT IS HEREBY ORDERED THAT:

1.      This Protective Order governs the production or exchange of documents and other discovery materials in connection with the above-captioned action by or between the Parties and any third parties, either through the formal discovery process or informally.  This Protective Order shall remain in full force and effect unless modified by an Order of this Court or by written stipulation of the parties, Research In Motion Ltd. and Research In Motion Corp. (together, "RIM"), TIP Communications LLC ("TIP"), and Motorola, Inc. ("Motorola"). Determination of this civil action shall not automatically terminate the directives of this Protective Order.

2.      Nothing in this Protective Order shall limit or preclude either party or a nonparty from applying to the Court for relief from this Protective Order, or for such further or additional Protective Orders as the Court may deem appropriate.

3.      Any information, including without limitation any document, thing, interrogatory answer, deposition testimony or admission, to be produced by the parties, or any nonparty who elects to be covered by this order, which contains trade secrets, or other confidential research, development, business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure can be classified in one of the following categories: (a) "CONFIDENTIAL INFORMATION," (b) "HIGHLY CONFIDENTIAL INFORMATION," or (c) "HIGHLY CONFIDENTIAL INFORMATION - COMPUTER SOURCE CODE" (these three categories to be referred to collectively as "PROTECTED INFORMATION").

4.      Any PROTECTED INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.  PROTECTED INFORMATION can only be used for this litigation in accordance with the protections and safeguards set out herein, must be kept in confidence as herein provided, and cannot be used for non-litigation purposes, including prosecution of patents or offering strategic advice concerning patent prosecution.  (Nothing herein, however, otherwise limits the parties or their counsel from participating in patent prosecution or offering strategic advice concerning patent prosecution.)  The party or nonparty who produces or discloses its own PROTECTED INFORMATION is not to be precluded by this Protective Order from disclosing or using that PROTECTED INFORMATION in any manner as it may deem fit.

5.     "CONFIDENTIAL INFORMATION" shall mean all information or material, and any copies thereof, that is produced for or disclosed, either through the formal discovery process or informally, to a receiving party, that a producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, technical, financial, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and that has been so designated by the producing party.  Information designed CONFIDENTIAL INFORMATION shall only be available to the parties' respective outside counsel and such other persons as are listed in paragraphs 23-25 below.

6.     CONFIDENTIAL INFORMATION may be additionally designated as "HIGHLY CONFIDENTIAL INFORMATION."  The HIGHLY CONFIDENTIAL INFORMATION designation is reserved for particularly sensitive CONFIDENTIAL INFORMATION that the producing party believes in good faith cannot be disclosed to a competitor without threat of competitive injury because such discovery material contains trade secret or other proprietary or commercially sensitive information, including CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  Information designated HIGHLY CONFIDENTIAL INFORMATION and information contained therein shall be available only to outside counsel for the respective parties and such other persons as are listed in paragraphs 23-25 below.

7.      Discovery material containing computer source code or similar confidential programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters may be designated as "HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE." Information designated HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE shall be available only to outside counsel for the respective parties and such other persons as are listed in paragraph 23 and 25 below.

8.      Documents designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; and (b) portions of deposition transcripts and exhibits thereto which contain, summarize or reflect the content of any such documents, copies, extracts, or summaries. To invoke protection under this paragraph, however, such material must be marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – COMPUTER SOURCE CODE" in the manner described in this Protective Order.

9.      The designation of PROTECTED INFORMATION that exists in tangible form shall be effected by visibly marking it as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – COMPUTER SOURCE CODE" by the producing party at the time the document is produced or served. Computer source code may be so designated by affixing the legend "HIGHLY CONFIDENTIAL – COMPUTER SOURCE CODE" on the media itself or by a similarly clear form of notification. In the event the producing party elects to produce files and records for inspection and the inspecting party desires

to inspect these files and records, no markings need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files and records shall be considered as marked HIGHLY CONFIDENTIAL INFORMATION. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall designate the copies of such documents that contain PROTECTED INFORMATION as appropriate. Counsel shall agree on a mutually acceptable manner for the identification of PROTECTED INFORMATION that cannot be readily or easily marked in a visible manner.

10. To the extent the receiving party subsequently generates copies of PROTECTED INFORMATION, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the producing party shall include the confidentiality designation on the medium containing the documents. In the event that the receiving party prints documents from such medium, the receiving party shall mark each such page of the documents with the appropriate designation.

11. The parties recognize that, during the course of this case, non-parties may be called upon to produce CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE discovery materials. In such a case, the non-party who must produce such discovery material is considered to be a producing party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its discovery materials as PROTECTED INFORMATION.

12. Information originating with a non-party and in a producing party's custody or control that a producing party reasonably and in good faith believes is subject to a

confidentiality obligation may designate the discovery material as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL

INFORMATION – COMPUTER SOURCE CODE" and the PROTECTED INFORMATION

shall be subject to the restrictions on disclosure specified in this Order.  The foregoing

notwithstanding, if a party has a good faith belief that the production of discovery material is

objectionable on the grounds that the requested discovery material is subject to a third-party

confidentiality obligation, the producing party shall confer with the non-party to resolve the

confidentiality issue.  If this issue cannot be resolved then the producing party shall (1)

immediately notify the receiving party; (2) identify the non-party; (3) provide the receiving party

with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4)

provide a schedule of all documents and things being withheld on the basis of the third party

confidentiality obligation.  All parties shall attempt to resolve all disputes promptly, informally,

and in good faith.  If the parties are unable to resolve the matter, the prospective receiving party

may seek relief from the Court.  In any such dispute, the producing party shall have the burden of

showing good cause as to why disclosure is not warranted.  No disclosure is required until the

objection is resolved.

       13.     A non-party's use of this Order to designate PROTECTED

INFORMATION does not entitle that non-party access to any other PROTECTED

INFORMATION produced by any party in this case.

       14.     If during the course of a deposition taken in this litigation any questions

are to be asked or any answers are to be given regarding PROTECTED INFORMATION, and

the attendees at the deposition are notified that PROTECTED INFORMATION will be

disclosed, then only such persons as are listed in paragraph 23-25 below, the deponent (and the

deponent's counsel in the case of a separately represented nonparty), and the reporter shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any PROTECTED INFORMATION to any person to whom disclosure is prohibited under this Protective Order.

15.    With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this action, such party may designate information at the deposition as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties of any portions of the transcript (identified by page and line number) that are designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE.  No such deposition transcript shall be disclosed to any person other than such persons as are listed in paragraph 23-25 below, and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these thirty (30) days.  Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.  After the thirty (30) day period has elapsed, deposition testimony can only be designated as PROTECTED INFORMATION upon agreement of the parties or order of the Court.  The parties agree not to unreasonably

withhold agreement to designate a document as PROTECTED INFORMATION after the thirty (30) day period has elapsed.  If a document is designated as PROTECTED INFORMATION after the thirty (30) day period has elapsed, the receiving parties shall undertake reasonable efforts to retract or destroy any copies of the late-designated information that may have been disseminated to individuals other than such persons as are listed in paragraph 23-25 below, and the deponent (and the deponent's counsel in the case of a separately represented nonparty); provided, however, that no party shall be deemed to have breached this Order for any action taken prior to the designation of the information as PROTECTED INFORMATION, that was consistent with the disclosing party's non-designation of the information.

        16.    To the extent source code is produced in this action, access to such source code will be given only to those individuals for the requesting party who are authorized under this Order to have access to discovery material designated as "HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE."

        17.    Unless otherwise agreed to in writing between the producing party and the receiving party, a receiving party may only review source code on "stand alone" computers (i.e., computers that may be networked together by a private wired network, but that are not connected to any other network, internet or peripheral device except that the stand-alone computers may be connected to printer or printers), at (i) for RIM at the offices of Haynes and Boone in Richardson, Texas, and (ii) for Motorola at the DLA Piper LLP (US) in Dallas, Texas.  Access is to be made available during regular business hours (8:00 a.m. to 6:00 p.m. local time) on 48 hours' notice.  The requesting party shall make its best efforts to restrict access to normal business hours, but should circumstances require, access will also be provided from 8:00 a.m. to 6:00 p.m. on Saturdays and Sundays, and/or from 6:00 p.m. through 12:00 midnight on

weekdays, provided, however, that the requesting party reimburse the producing party for reasonable expenses incurred in connection with such evening and weekend access, including but not limited to, overtime wages and expenses (such as, for example, meals and transportation) for supervisory support staff to monitor and assist with printing/labeling.

18.      The parties will produce source code in computer searchable format.  The producing party must allow printing of paper copies of the source code at the time of inspection by the requesting party, which the requesting party may take when completing an inspection. The producing party will provide the receiving party with Bates number labels and confidentiality labels stating "HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE," and the receiving party will affix the Bates number labels and confidentiality labels to all source code printed, and provide a copy to the producing party.  The receiving party of such source code must keep that code in a secured container or location at all times.  Paper copies of source code may not be copied and may not be removed from a secured container or location unless in a secured, private area.  Notwithstanding the foregoing sentence, outside counsel may make copies of the paper copies for use as exhibits in court proceedings and at depositions.  The requesting party shall maintain a complete log of Bates numbered pages printed, and shall produce such a log at the time its first expert reports are delivered.  For security purposes, this log must be produced to the producing party regardless of any other stipulation limiting expert discovery.  Further, the log will be supplemented with each new expert report and 10 days after trial.  The producing party shall not videotape or otherwise monitor review of code by the requesting party.

19.      Diagnostic software may be used to perform searches of the source code, however, no portions of the source code may be downloaded.  A back-up copy of the source

code may be created on a stand-alone computer and searching tools may also be used to inspect the code, to annotate, number the lines of, and bates label the pages of, the back-up copy of the code. The back-up copy will remain on a stand-alone computer and be subject to all the provisions of this Order that govern source code.

20.     To the extent necessary, the receiving party may leave work product or other materials to which it claims privilege stored on the computer(s) on which the source code has been provided for a period not to exceed fourteen (14) calendar days. After notification by the receiving party that such work product or other materials to which it claims privilege are stored on the computer(s), personnel of the producing party may not examine the contents of the machine on which the source code has been provided, except for administrative reasons upon 48 hours notice explaining the reason for the necessity to examine the machine. At the expiration of this fourteen (14) calendar days period, the receiving party will remove any such work product or other materials to which it claims privilege and the producing party will no longer be restricted in its access to the machine. This clause in no way restricts a party's ability to continue its review of the source code for longer than 14 days.

21.     In the event it becomes necessary to show any PROTECTED INFORMATION to a witness at a deposition who is not otherwise authorized to see it pursuant to this Protective Order, the PROTECTED INFORMATION shall be disclosed to that witness only after the disclosing party consents to the disclosure to the deposition witness and the witness acknowledges on the record during the deposition that he/she read this Protective Order and agrees to be bound by its terms, unless the witness is identified on the document as being an author, source or recipient of the PROTECTED INFORMATION, the document refers or relates to the witness, the document appears, based on the document, other documents, or testimony, to

have been previously received by or communicated to the witness in the ordinary course of the witness' business activity, or the witness is employed by the party who produced the PROTECTED INFORMATION, in which cases the witness may be questioned regarding the document. That portion of any deposition transcript, including attached exhibits, which discloses, pertains to, refers to, or incorporates PROTECTED INFORMATION shall be treated according to the terms of this Protective Order and shall be deemed to be PROTECTED INFORMATION.

22.     All PROTECTED INFORMATION designated as provided herein shall be held in confidence by each person to whom it is disclosed, shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action or settlement of claims between and among the parties in this action (a "Permitted Purpose"), and shall not be disclosed by the recipient to anyone other than the parties' respective outside counsel and such other persons as are listed in paragraph 23-25 below, unless and until the restrictions herein are removed by Order of the Court or by written stipulation of the parties.

23.     Outside counsel for a receiving party shall have access to all of the producing party's PROTECTED INFORMATION, including any information designated HIGHLY CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE. The term "outside counsel" or "outside attorneys" for PROTECTED INFORMATION shall mean external attorneys retained for this litigation who have not been employed any party to this lawsuit in the last five (5) years, and shall also include such external attorneys' supporting personnel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. Further, "outside counsel" or "outside

attorneys" for PROTECTED INFORMATION is deemed to include graphics or trial consultants to such external attorneys.

24.     Each party shall designate up to ten (10) in-house attorneys or paralegals who can receive CONFIDENTIAL INFORMATION,  with such designation made at least five (5) calendar days before the disclosure of such CONFIDENTIAL INFORMATION to such in-house attorney or paralegal.  At the same time of such designation(s) as described above, the receiving party will also provide a duly executed copy (or copies) of the Undertaking attached as Exhibit A for each designee and a description of his or her job title and job duties.  If, within the five (5) calendar day period, the designating party objects in good faith to the proposed disclosure to the designee and brings a motion for protection, disclosure shall not be made until and unless this Court orders disclosure to that designee.  This Court shall deny objections to disclosure to a designee unless the designating party shows good cause why the proposed disclosure should not be permitted.

25.     Access to PROTECTED INFORMATION by persons other than those enumerated in the paragraphs above shall be limited to the following persons (unless and until this Court rules or the parties by written agreement acknowledge that there may be further disclosure):

(a)     Court personnel and stenographic reporters, engaged in such proceedings as are necessarily incident to the preparation for trial (e.g. depositions) and/or trial of this action; and

(b)     Independent outside experts or consultants (other than graphics and trial consultants), including their secretarial and clerical personnel and other employees, who are

retained to assist outside counsel in the preparation for trial and/or trial of this action, provided that:

        (i)      Prior to any disclosure, each such independent outside expert or consultant shall agree to the terms of, and sign an Undertaking in the form of, Exhibit A. The original of each such Undertaking shall be maintained by counsel retaining the expert or consultant;

        (ii)      The name, address, current employment (if any) and curriculum vitae, including a list of the cases in which the expert or consultant provided testimony over the last four (4) years and a list of all companies for which the expert or consultant has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four (4) years, shall be furnished to counsel of record for the other parties seven (7) business days before access to PROTECTED INFORMATION may be given to such expert or consultant;

        (iii)      The other party or parties shall have seven (7) business days after receipt of the information called for in subparagraph (i) above to raise an objection and notify the receiving party, in writing, that the producing party objects to disclosing PROTECTED INFORMATION to such expert or consultant.  Such notification shall include the basis of the objection.  The parties shall then confer, immediately and in good faith, to resolve the conflict.  If the parties cannot resolve the conflict, the receiving party may move the Court for an order allowing the requested disclosures, but no disclosure shall be made until the Court rules in favor of the receiving party;

(c)     Witnesses at depositions or trial, and their counsel, subject to the provisions of paragraph 21, above, and provided that no copies of such information shall be given to such witness or the witness's counsel to retain; and

(d)     Such other persons as agreed to in writing by the parties or as determined by the Court after notice and hearing to all parties.

26.     Any person receiving PROTECTED INFORMATION shall provide the PROTECTED INFORMATION only to persons to whom disclosure of the PROTECTED INFORMATION is authorized by this Protective Order and only for the purposes authorized herein.

27.     A party shall not be obligated to challenge the propriety of the designation of information as PROTECTED INFORMATION at the time made, and failure to do so shall not preclude a subsequent challenge.  If a party challenges a designation, it shall give notice to the producing party, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved within ten (10) days, the objecting party may move the Court, upon notice, to determine the propriety of the designation.  The information which is the subject of the motion shall be treated in accordance with its designated confidential status pending resolution of the motion, including appeals or writs.  In connection with a motion filed under this provision, the party designating the information as PROTECTED INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as PROTECTED INFORMATION.

28.     PROTECTED INFORMATION which is filed with the Court for any purpose shall be filed under seal with the Court (electronically or otherwise) according to the applicable local rules of Court.  The entry of this Protective Order by the Court shall serve as

authorization to seal a document that contains PROTECTED INFORMATION as defined by this Order.

29.     Prior to the use of any PROTECTED INFORMATION at any hearing held in open court, counsel desiring to use such PROTECTED INFORMATION shall provide reasonable notice to all counsel executing this Protective Order and allow all counsel executing this Protective Order the opportunity to object to the disclosure of PROTECTED INFORMATION in open court.

30.     Counsel for each party shall take reasonable precautions with regard to storage, custody and use to prevent the unauthorized or inadvertent disclosure of any PROTECTED INFORMATION.

31.     The restrictions set forth herein shall not apply to:

(a)     Any information which at the time of the disclosure hereunder is available to the public;

(b)     Any information which after disclosure hereunder becomes available to the public through no act, or failure to act by counsel, experts or consultants;

(c)     Any information which counsel, experts or consultants for the receiving party can show (i) as a matter of written record was already known by lawful means to the receiving party, its counsel, experts or consultants, (ii) as a matter of written record was independently developed by the receiving party, its counsel, experts or consultants, (iii) as a matter of written record is lawfully obtained by the receiving party from a third party which has authority to provide the information, or (iv) was obtained from the disclosing party without having been designated as PROTECTED INFORMATION subject to the provisions of this order.

32.    Should a third-party seek access to PROTECTED INFORMATION, by request, subpoena or otherwise, the subpoenaed party shall promptly notify all other parties so as to provide the party from whom PROTECTED INFORMATION is requested by the subpoena sufficient time to seek a protective order before the information requested by the subpoena is produced. Nothing herein shall be construed as requiring the receiving party or anyone else subject to this Order to challenge or appeal any order issued under the circumstances of this paragraph requiring production of PROTECTED INFORMATION, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from this Court.

33.    The failure to designate PROTECTED INFORMATION in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

34.    Inadvertent or accidental disclosure of PROTECTED INFORMATION without identifying the same as confidential shall not be deemed a waiver of confidentiality with regard to similar information inadvertently disclosed if called to the attention of counsel, experts or consultants for the receiving party promptly and prior to further dissemination by counsel, experts or consultants for the receiving party. Such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all parties to whom the material was disclosed or produced that the material should be designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE. Such notice shall constitute a designation of the information as PROTECTED INFORMATION under this Protective Order and the receiving party shall either

(i) mark all documents that include the PROTECTED INFORMATION with the appropriate designation and/or (ii) return the documents to the designating party so that the designating party can affix the appropriate designations to the documents.

35.    The inadvertent production in discovery of any attorney-client privileged or otherwise protected or exempted information, including materials subject to protection under the work product doctrine, the common interest doctrine or agreements, joint defense agreements, or other applicable immunities, shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the producing party shall immediately notify the receiving party in writing when such inadvertent production is discovered.  Within five (5) business days of receiving written notice from the producing party that privileged or protected information has been inadvertently produced, along with a log accurately describing such material, all such information, and all copies thereof, shall be returned to the producing party by the receiving party.  The receiving party may only challenge the designation of the inadvertently produced information by moving for a court order compelling production of the material.  Such a motion to compel shall rely solely on the description of the inadvertently produced information that is provided on the producing party's log, provided that the description therein is accurate; the receiving party may not cite or otherwise rely on the content of the inadvertently produced information, except that if the description in the log is inaccurate or misleading and the producing party refuses to correct it after consultation, one copy of the material may be filed under seal with the motion to compel, with all other copies returned to the producing party and none retained by the receiving party.

36.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this

Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and the applicable local rules before the Honorable A. Joe Fish, United States District Court for the Northern District of Texas, or the Court's scheduling and discovery order(s).

37.    Within 60 days after final termination of this action, by judgment, settlement or otherwise, all PROTECTED INFORMATION furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, except materials which in the judgment of the attorney in possession of the materials are attorney work product materials, shall be destroyed or delivered to counsel for the designating party, unless the parties otherwise agree in writing.  The above-described work product materials may be retained in confidence under the terms of this Protective Order by outside counsel for the party.  This provision shall not preclude outside counsel of record from retaining in confidence under the terms of this Protective Order one copy of all papers filed with the Court, discovery requests and responses, and deposition transcripts and exhibits which contain PROTECTED INFORMATION.

38.    This Order shall not bar any attorney of record with the Court, in the course of rendering advice regarding this action to his client (i.e., in-house counsel or business persons with overall responsibility for the conduct of the litigation and not technical personnel), from conveying his evaluation in a general way of PROTECTED INFORMATION produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific content of any PROTECTED INFORMATION produced by another party or nonparty herein.

39. It is expressly contemplated and agreed that any non-party may invoke all provisions of this Protective Order which are available to a producing party, and that the parties, in accordance with the terms of this Protective Order, will treat as PROTECTED INFORMATION, all information of a non-party that is designated as such in writing by the non-party, its representative, or any party that in good faith believes such non-party's information contains or embodies its PROTECTED INFORMATION.

40. Nothing contained in this Order shall be construed to require production of PROTECTED INFORMATION deemed by counsel of record for the producing party to be privileged or otherwise protected from discovery.

41. This Protective Order shall survive and remain in full force and effect after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

So Ordered this 21 day of Sept , 2009.

Wm. F. Sanderson Jr.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| *RESEARCH IN MOTION LIMITED, RESEARCH IN MOTION CORPORATION, and TIP COMMUNICATIONS LLC,* | § § § § | |
| Plaintiffs, | § § | **CIVIL ACTION NO. 3:08-CV-0284-G** |
| v. | § § | **CONSOLIDATED WITH** |
| *MOTOROLA, INC.,* | § § | **3:08-CV-0317-G** |
| | § | **3:08-CV-1545-G** |
| Defendant. | § | **3:09-CV-0072-G** |
| | | **3:09-CV-0464-G** |

## UNDERTAKING

I, _____, declare and say that:

1.     I live at _____. I am employed as [state position] _____ by [state name and address of employer]

_____

_____.

2.     I have read the Protective Order entered in *Research In Motion Ltd., Research In Motion Corp., and TIP Communications LLC v. Motorola, Inc.*, Civil Action No. 3:08-CV-0284-G (and consolidated actions) and a copy of the Protective Order has been given to me. I am one of the persons contemplated in paragraphs 24 and 25 of the Protective Order as authorized to receive disclosure of PROTECTED INFORMATION designated as

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or

HIGHLY CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE.

      3.     I agree to be bound by the terms of the Protective Order, and agree that

any PROTECTED INFORMATION, including any information designated as CONFIDENTIAL

INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY

CONFIDENTIAL INFORMATION – COMPUTER SOURCE CODE within the meaning of the

Protective Order, will be used by me only to assist counsel in connection with the above

referenced litigation.

      4.     I agree that I will not disclose or discuss PROTECTED INFORMATION,

including any information designated as CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION –

COMPUTER SOURCE CODE, with anyone other than the persons authorized to receive it as

described in paragraphs 23-25 (as applicable) of the Protective Order.

      5.     I understand that any disclosure or use of PROTECTED INFORMATION,

including any information designated as CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION –

COMPUTER SOURCE CODE, in any manner contrary to the provisions of the Protective Order

will subject me to sanctions for contempt of the Court's Order.

      6.     I agree to be subject in personam to the jurisdiction of this Court in

connection with any proceeding relating to the enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this _____ day of _____ at

_____.

Signature: _____

Print name: